**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | **Case No. 11-20031-01 (Criminal)** |
| ) | **15-9284 (Civil)** |
| **JUAN MANUEL CORTEZ-DIAZ,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**MEMORANDUM AND ORDER**

This matter comes before the court upon defendant Juan Manuel Cortez-Diaz's motion to vacate or correct his sentence under 28 U.S.C. § 2255 (Doc. 137) and defendant's motion for discovery and production of documents pursuant to Rule 6 (Doc. 151). Defendant alleges ineffective assistance of counsel. For the reasons set forth below, the court denies both motions.

**I.      Factual Background**

Defendant was convicted by a jury of five separate counts of methamphetamine trafficking, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1). The Presentence Report ("PSR") included a base offense level of 38 given defendant's responsibility for 7.07 kilograms of methamphetamine. It also recommended a two-level enhancement for maintaining a stash house and a four-level enhancement for defendant's leadership of a criminal activity with five or more participants. After hearing argument on defendant's objections and considering the 18 U.S.C. § 3553(a) sentencing factors and requested downward variance, the court ultimately imposed a life sentence in accordance with the guidelines recommendation. Defendant appealed to the Tenth Circuit, claiming procedural and substantive error

at sentencing. The Tenth Circuit affirmed defendant's sentence, and defendant filed the present motion to vacate his sentence pursuant to 28 U.S.C. § 2255.

**II.     Legal Standards**

Under 28 U.S.C. § 2255(a), a prisoner in custody has the right to challenge a sentence imposed by the district court if it is in violation of the Constitution or other law of the United States, or if the sentence imposed was in excess of the maximum authorized by law. If the court finds that defendant is being held in violation of federal law, the court "shall vacate and set the judgment aside and shall discharge the [defendant] or resentence him or grant a new trial or correct the sentence . . . ." 28 U.S.C. § 2255(b).

Here, defendant challenges his sentence based on ineffective assistance of counsel. The government references the fact that defendant was appointed new counsel after trial, but before sentencing, and argues that defendant could have raised his claims of ineffective assistance of counsel on direct appeal. But the "failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255." *Massaro v. United States*, 538 U.S. 500, 509 (2003).

The court applies the standard identified in *Strickland v. Washington*, 466 U.S. 668, 688 (1984), when determining whether a habeas petitioner's counsel provided ineffective assistance. *See Romano v. Gibson*, 278 F.3d 1145, 1151 (10th Cir. 2002) (applying *Strickland* ). Under *Strickland*, a petitioner bears the burden to demonstrate that (1) counsel's performance "fell below an objective standard of reasonableness," and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 688, 694. "[T]here is no reason for a court deciding an ineffective assistance claim to . . . address both components of the inquiry if the [petitioner] makes an insufficient showing on one . . . . If it is easier

to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Id.* at 697.

### III. Defendant's claims

Defendant alleges several claims involving plea negotiations and/or the lack thereof. In his motion, defendant claims that defense counsel was ineffective when he failed to (1) inform defendant that he was facing a life sentence; (2) pursue a plea deal to avoid a life sentence; and (3) inform defendant of other alternatives to and the actual consequences of proceeding with trial. Defendant proffers that had he been properly advised of the potential life sentence and consequences of proceeding to trial, he would have entered a guilty plea and avoided trial. In his supporting memorandum, defendant alleges that defense counsel failed to communicate the government's plea offer as well as advise defendant to accept the plea offer. Defendant claims that he did not learn about the offer until after trial. He further claims that defense counsel misunderstood the law, and there was a breakdown in communication that ultimately affected the plea negotiations and sentencing.

Defendant also raises claims that trial counsel was ineffective pretrial and during trial. He argues trial counsel failed to challenge a speedy trial violation. Defendant alleges that trial counsel did not inform him of his right to testify at trial or explain the sentencing guidelines and potential enhancements. He claims that trial counsel failed to sequester the witnesses as well as object to a missing witness and Agent Matt Hall's ("Agent Hall") testimony. Defendant also brings a claim of ineffective assistance of counsel against appellate counsel for failing to correct the appellate record.

#### a. Failure to Communicate the Plea Offer

Several of defendant's claims revolve around whether defense counsel informed and/or explained to defendant the government's plea agreement offering a below-life sentence. The Sixth Amendment right to the effective assistance of counsel "extends to the plea-bargaining process."

*United States v. Watson*, 766 F.3d 1219, 1225 (10th Cir. 2014) (quoting *Lafler v. Cooper*, 566 U.S. 156, 162 (2012)). When a defendant claims that counsel's deficient performance caused him to reject a plea offer and proceed to trial, he must show "a reasonable probability that a plea offer would have been presented to the court . . ., that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." *Lafler*, 566 U.S. at 164.

To establish prejudice under *Strickland*, defendant must begin by proving that a plea agreement was formally offered by the government. *See United States v. Nguyen*, 619 F. App'x 136, 141 (3d Cir. 2015) (petitioner's claim that he rejected favorable plea offer based on counsel's deficient performance necessarily fails if plea agreement was never formally offered by the government); *United States v. Barajas*, No. 10-20077-02-JWL, 2016 WL 427734, at *1 (D. Kan. Feb. 4, 2016) (denying defendant's original claim after evidence at hearing showed that the government did not extend a formal plea offer).

Defendant refers to "plea offer" as a singular unit in all of his claims. In Ground Seven, defendant specifically identifies a plea offer for 236 months as the offer trial counsel failed to relay to him prior to trial. Therefore, the court interprets defendant's claims to revolve around a plea offer for 236 months.

On May 10, 2012, approximately one month before defendant's jury trial, the government emailed trial counsel and offered defendant a plea deal for 324 months imprisonment. Defendant rejected this plea offer and proceeded to trial. After trial, but before sentencing, trial counsel withdrew from his case. Mr. Bradshaw was appointed and visited defendant. During this visit, defendant claims that Mr. Bradshaw informed him of the government's 236-month plea offer. Defendant claims that he

was not aware of this plea offer prior to trial, and had he known of the offer, he would have accepted it and avoided trial.

In his affidavit attached to the government's response, trial counsel states that the government never offered a plea deal for 236 months. And the government indicates that only one plea offer was extended to defendant—the May 10, 2012 offer for 324 months. Because no plea offer for 236 months was proposed by the government, defendant cannot meet the prejudice prong under *Strickland*.

Similarly, because defendant rejected the government's plea offer for 324 months—which is less than a life sentence—defendant cannot show that he would have avoided trial and the risk of a life sentence. The court is mindful that trial counsel counters defendant's position in an affidavit, but defendant has had ample time, and filed additional motions and claims, but does not specifically rebut trial counsel's claims regarding their communications with respect to the 324-month plea offer. Therefore, to the extent that defendant's claims of ineffective assistance of counsel revolve around trial counsel's alleged failure to inform defendant of the government's plea offer or alternatives to proceeding with trial, defendant is not entitled to relief.

### b. Failure to Advise Plaintiff About the Life Sentence

Defendant claims that trial counsel failed to inform him that he was risking a life sentence by proceeding with a jury trial. Both the original and superseding indictments informed defendant that he was facing a possible life sentence. Even if trial counsel failed to expressly tell defendant that he was facing a life sentence, the indictments gave defendant notice of this possibility. Therefore, defendant cannot show prejudice under *Strickland*, and this claim is denied.

### c. Speedy Trial

Defendant claims trial counsel failed to challenge a speedy trial violation. Defendant references the fact that a superseding indictment was filed, and alleges that he sat in the county jail for

-5-

almost a year without knowing his charges. He also states that more than 70 days passed from his arrest until trial.

Defendant was arrested on June 8, 2011, and arraigned one month later. On May 16, 2012, a superseding indictment was filed, and defendant was arraigned on May 29, 2012. At no time was defendant in custody for a year without knowing the charges under each applicable indictment. Furthermore, trial counsel filed several motions to continue deadlines and a motion to suppress. This time was excluded from defendant's speedy trial clock. *See* 18 U.S.C. § 3161(h)(1)(D). Even if trial counsel had raised a speedy trial violation, defendant would not have been successful. Notably, two of trial counsel's motions to continue indicated that defendant was advised about his rights to a speedy trial and had no objection to the continuance. Therefore, defendant's allegation that trial counsel was ineffective for failing to challenge a speedy trial violation lacks merit.

### d. Right to Testify

Defendant claims that trial counsel failed to inform him of his right to testify, and had he done so, defendant would have testified in his defense. Even if trial counsel was deficient in this regard, defendant has not proffered what he would have testified about. Thus, defendant fails to establish prejudice under *Strickland* because he has not shown that his testimony would have made a difference to the jury. *See United States v. Schneider*, 112 F. Supp. 3d 1197, 1220 (D. Kan. 2015) ("Defendants do not explain how the absence of this testimony prejudiced their trial."); *United States v. Harris*, 613 F. Supp. 2d 1290, 1309 (S.D. Ala. 2009) ("But simply to say that he would have testified had [the defendant] known the decision was his is not enough to establish prejudice. There is no per se or presumed prejudice in this context.").

### e. Witnesses

#### i. Sequestration

Defendant argues that trial counsel should have moved to sequester the witnesses. Defendant claims that sequestration of witnesses "would have avoided the possibility of presenting the jury with confabulated or tailored testimony." (Doc. 138, at 10.) He references Special Agent Cassidy Casner ("SA Casner") being present while Agent Hall was testifying.

SA Casner was the government's case agent and sat at counsel table. She was not subject to sequestration. *See United States v. Avalos*, 506 F.3d 972, 978 (10th Cir. 2007), *cert. granted, judgment vacated*, 555 U.S. 1132 (2009); Fed. R. Evid. 615(2). Defendant does not identify any other witnesses whose testimony might have been affected as a result of hearing other testimony, and this claim is denied.

#### ii. Chemist's testimony

Defendant claims that trial counsel should have objected to Andrea Michiels's testimony and the admission of lab reports not prepared by her. Ms. Michiels testified that she personally tested the methamphetamine and made a work sheet of her analysis. Someone else prepared a report based on Ms. Michiels's work sheet. Ms. Michiels confirmed that the lab report matched the sample that was tested and further that the data was taken from her work sheet. There was no basis for trial counsel to object to Ms. Michiels testifying about the information contained in the lab report.

#### iii. Missing witness

Defendant claims that the government "probably or intentionally" allowed a witness, the confidential informant, to be deported prior to trial. (Doc. 138, at 14.) Defendant argues that trial counsel knew of the impending deportation, and should have sought a court order to stall the

deportation until counsel could interview him. Defendant claims prejudice because the witness was vital to the government's case against defendant. Defendant states that the missing witness changed his statement or declaration and this would have cast doubt in the jury's minds about the informant's credibility. He argues that a missing witness instruction was an appropriate sanction.

Defendant fails to show that the outcome of his trial would have been different had the witness been available. He does not proffer any exculpatory evidence or favorable testimony that the witness would have provided. *See United States v. Iribe-Perez*, 129 F.3d 1167, 1173 (10th Cir. 1997) (the movant must show: "(1) the government acted in bad faith by allowing a witness with potentially exculpatory information to depart; and (2) the voluntary departure of the absent witness prejudiced him by eliminating testimonial evidence that 'would be both material and favorable to the defense.'") (quoting *United States v. Valenzuela-Bernal*, 458 U.S. 858, 873 (1982)). In his affidavit, defendant claims that his codefendant denied previous statements he made, but the codefendant was not deported. Defendant's allegation that the missing witness changed his statement or declaration is unsupported and conclusory. Furthermore, trial counsel used the absence of this witness and his testimony as grounds to argue during closing that the government failed to meet its burden of proof. Defendant's claim is denied as he cannot show prejudice under *Strickland*.

### *iv. Agent Hall's testimony*

Defendant claims that trial counsel should have objected to Agent Hall's testimony under Federal Rules of Evidence 602 and 701 and Federal Rule of Criminal Procedure 16. Defendant's claim is without merit. Agent Hall was the agent directly involved with the organized drug buy with defendant and dealings with the confidential informant. Thus, Agent Hall had personal knowledge of the facts relevant to defendant's charges, and the court finds that even if counsel had objected to Agent Hall's testimony, his objections would have been overruled. Furthermore, Fed. R. Crim. Pro. 16.

requires disclosure of expert testimony under Rules 702, 703, or 705—not 701. There was no basis for excluding Agent Hall's testimony under Fed. R. Evid. 602 and/or 701. Additionally, Rule 701 "does not distinguish between expert and lay witnesses, but rather between expert and lay testimony." Fed. R. Evid. 701, advisory committee note to 2000 amendment. So, within the testimony of a single witness, one opinion may fall under Rule 701 and another under Rule 702. Defendant does not specify what portions of Agent Hall's testimony was expert testimony under Rule 702, and has not met his burden under *Strickland*.

### f. Sentencing Factors

Defendant alleges that trial counsel failed to inform him that should the jury find defendant guilty at trial, defendant's sentence would depend on the quantity of drugs and other relevant conduct. Although not stated specifically, it appears defendant is arguing that had trial counsel informed him of the factors the court would consider in determining his sentence, he would have avoided trial. Even if trial counsel failed to explain relevant conduct and other potential sentencing factors, defendant cannot show prejudice. As addressed above, the court already found that defendant had notice he was facing a life sentence and defendant rejected the government's plea offer for 324 months. Defendant fails to show that the outcome would have been different.

### g. Appellate Counsel

Defendant argues that appellate counsel was ineffective because the transcripts contained "several hundred omissions identified as double-dashes[,]" which denied meaningful review. (Dkt. 138, at 10.) The court has reviewed the transcripts and finds that the double-dashes are not omissions, but indicate pauses in the witnesses' testimony. Therefore, the Tenth Circuit had all the testimony before it when considering defendant's appeal.

### h. Defendant's Amendment

Defendant's petition for certiorari was denied on October 7, 2014. He filed his original § 2255 motion on September 24, 2015, however, on February 16, 2016, defendant filed a motion requesting additional time to amend his § 2255 motion. The court denied defendant's motion without prejudice because he failed to comply with D. Kan. R. 15.1, and the court was not aware of the claims defendant sought to add and/or amend. The court gave defendant 30 days to file his motion to amend, but cautioned him that some new claims might be untimely.

Defendant filed an amendment, and identifies three new claims: (1) the government failed to inform defendant of the true nature and cause of its accusation; (2) the government lacked standing to seek relief; and (3) the court lacked subject matter jurisdiction. Specifically, defendant claims that the government was required to put into evidence the "bona Fide" contract between defendant and the government binding defendant into criminal maritime jurisdiction.

Defendant's claims are untimely and do not relate back to his ineffective assistance of counsel claims raised in his original § 2255 motion. *See United States v. Espinoza-Saenz*, 235 F.3d 501, 504–05 (10th Cir. 2000) (under Rule 15(c), an untimely amendment to a § 2255 motion may relate back unless it seeks to add a new claim or insert a new theory into the case). Furthermore, defendant was criminally charged with drug trafficking offenses, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1); this is not a maritime case. Defendant's claims raised in his amendment are dismissed, and his motion requesting discovery and production of documents related to these claims is denied.

### IV. Defendant's Request for Appointment of Counsel and a Hearing

Defendant requests appointment of counsel and an evidentiary hearing. A defendant generally does not have a right to counsel in a 28 U.S.C. § 2255 proceeding unless an evidentiary hearing is

-10-

required. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("[T]he right to appointed counsel extends to the first appeal of right, and no further."). And an evidentiary hearing is generally not required when "the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255.

Defendant has not demonstrated that a hearing is necessary to resolve his motion. The raised issues lack merit and/or the existing record is sufficient for resolving them. The court denies defendant's request for an evidentiary hearing. Based on this ruling, defendant is not entitled to appointment of counsel under 28 U.S.C. § 2255 and defendant's request for appointment of counsel is also denied. The court is mindful of defendant's pro se status and liberally construes his motion and filings. *See United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) (explaining that "because [defendant] appears pro se, we must construe his arguments liberally"). Even with this generous review, however, defendant has not shown that reasonable jurists could debate whether his 28 U.S.C. § 2255 motion should be resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484. Therefore, the court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that defendant Juan Manuel Cortez-Diaz's motion to vacate or correct his sentence under 28 U.S.C. § 2255 (Doc. 137) is denied.

**IT IS FURTHER ORDERED** that defendant's claims presented in his amendment (Doc. 150) are dismissed.

**IT IS FURTHER ORDERED** that defendant's motion for discovery and production of documents pursuant to Rule 6 (Doc. 151) is denied.

**IT IS FURTHER ORDERED** that defendant's requests for appointment of counsel and an evidentiary hearing are denied.

**IT IS FURTHER ORDERED** that the court will not issue a certificate of appealability.

Dated this 21st day of June, 2017, at Kansas City, Kansas.

                                              **s/ Carlos Murguia**
                                              **CARLOS MURGUIA**
                                              **United States District Judge**