IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | **Case No. 11-20031-01 (Criminal)** |
| ) | **17-2433 (Civil)** |
| **JUAN MANUEL CORTEZ-DIAZ,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## MEMORANDUM AND ORDER

This closed criminal case is before the court on several motions: (1) Motion to Toll the Time for 28 U.S.C. § 2255 (Doc. 153); (2) Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence for Newly Discovered Evidence to Alter and Amend Judgment for Good Cause in the Interest of Justice (Doc. 154); (3) Motion for Appointment of Counsel (Doc. 155); and (4) Motion to Show Cause for Non-Response to 28 U.S.C. § 2255 Motion for Good Cause (Doc. 159).

This court has already denied a § 2255 motion in this case (Doc. 152). Defendant's motion to "toll the time" was filed after the court entered that order (but signed by defendant on the same day). Defendant later filed his "new" § 2255 motion, which actually asks the court to alter or amend Doc. 152. Within the motion, defendant cites Rule 59(e) and references the court's denial of his earlier § 2255 motion.

If a habeas petitioner files a Rule 59(e) or Rule 60(b) motion, the court must first examine whether the motion is a true motion to alter or amend judgment or for relief from judgment. *United States v. Pedraza*, 466 F.3d 932, 933 (10th Cir. 2006) ((discussing Rule 59(e)); *Spitnas v. Boone*, 464 F.3d 1213, 1216 (10th Cir. 2006) (applying Rule 60(b)). The motion may actually be a second or

successive habeas petition.  The question is whether the motion: (1) "in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction"; or (2) challenges one of the court's procedural rulings that precluded resolution of the habeas petition on its merits; or (3) challenges "a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition." *Spitnas*, 464 F.3d at 1215–16.  Motions falling under the first category should be treated as second or successive petitions.  Motions falling under the second or third category are treated as any other Rule 59(e) or 60(b) motion.

If the court finds that defendant's motion is actually a second or successive petition, then it treats it accordingly, referring the matter to the Tenth Circuit for authorization if "it is in the interest of justice to do so."  *Id.* at 1217; *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008).  If the motion is "mixed," the court will also take mixed action: treating the Rule 59(e) or 60(b) portions as such, and forwarding the remainder to the Tenth Circuit for authorization if appropriate.  *Id.*

Defendant argues in his motion that the court erred in its ruling on defendant's § 2255 motion.  He reargues many of the same claims, and also contends that the court failed to address some of his arguments.  But the arguments that defendant says the court failed to address are not found within defendant's original motion.  Defendant indicates that they are found within a document titled "Amended Motion and Motion of Newly Discovered Evidence/Actual Innocence."  The court has not found that document in the record.

Defendant's motion reasserts grounds for relief from defendant's conviction and sentence.  The challenges would lead "inextricably to a merits-based attack on the disposition of [his] prior habeas petition."  *Spitnas*, 464 F.3d at 1216.  Defendant is not merely challenging a procedural ruling or a defect in the integrity of the proceeding.  Instead, he asks the court to review again his request for

habeas relief.  For these reasons, the court determines that defendant's motion is properly construed as a second or successive petition.

Under 28 U.S.C. § 2255, federal prisoners seeking to file a second or successive motion must first obtain authorization from the court of appeals before the district court can consider the motion.  *In re Cline*, 531 F.3d at 1250.  To obtain authorization, the defendant must demonstrate that the motion is based on a new constitutional rule or on newly discovered evidence.  *United States v. Lara-Jiminez*, 377 F. App'x 820, 822 (10th Cir. 2010); 28 U.S.C. § 2255(h).  When a second unauthorized § 2255 motion is filed, the court has discretion in determining whether to transfer the action to the circuit court or dismiss the action without prejudice.  *See In re Cline*, 531 F.3d at 1251; *see also* 28 U.S.C. § 1631.

The Tenth Circuit has provided guidance on determining when a transfer would be in the interest of justice.  *In re Cline*, 531 F.3d at 1251. "A transfer is not in the interest of justice when the claims raised in the successive petition clearly do not meet the requirements set forth in 28 U.S.C. § 2255(h)." *Lara-Jiminez*, 377 F. App'x at 822 (citing *In re Cline*, 531 F.3d at 1252).  Section 2255(h) identifies two situations in which a second or successive motion is certifiable: (1) certain newly discovered evidence exists; or (2) certain new rules of constitutional law have been announced.[1]  While defendant cites the standards for new evidence, he does not actually explain what, if any, new evidence has been identified.  And the court also finds no indication that defendant's claims have merit; they are merely a rehashing of claims previously rejected by the court.  The court therefore finds that it is not in the interest of justice to transfer the case.  The court dismisses defendant's motion without prejudice.

Finally, Rule 11 of the Rules Governing Section 2255 Proceedings directs the court to issue or deny a certificate of appealability when it issues a final adverse order.  The court will issue a certificate

---

[1] The court ordinarily considers several factors in evaluating whether a transfer is in the interest of justice: (1) whether the claims would be time-barred; (2) the merits of the claims; and (3) the good faith of the filer.  *In re Cline*, 531 F.3d at 1251.  Because defendant's motion is merely seeking to re-raise claims addressed by the court, these factors have little relevance here.

of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  Under this standard, a defendant must show that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted).  To the extent that a certificate of appealability is necessary in this case, the court is not convinced that its conclusions are debatable among reasonable jurists or that the issues presented merit further proceedings.  For the reasons stated above, the court finds that defendant has not made a substantial showing of the denial of a constitutional right.  The court declines to issue a certificate of appealability.

Defendant's other motions are denied.  The court has considered defendant's motion to alter or amend—despite its questionable timeliness.  Appointment of counsel is not warranted, as the court has previously held in this case (Doc. 142).  And the government did respond to defendant's motion (Doc. 157), so there is no basis for ordering the government to show cause.

**IT IS THEREFORE ORDERED** that Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence for Newly Discovered Evidence to Alter and Amend Judgment for Good Cause in the Interest of Justice (Doc. 154) is dismissed without prejudice as a second or successive § 2255 motion.

**IT IS FURTHER ORDERED** that, to the extent that a ruling is necessary, the court denies a certificate of appealability as to this order.

-5-

**IT IS FURTHER ORDERED** that defendant's Motion to Toll the Time for 28 U.S.C. § 2255 (Doc. 153); Motion for Appointment of Counsel (Doc. 155); and Motion to Show Cause for Non-Response to 28 U.S.C. § 2255 Motion for Good Cause (Doc. 159) are denied.

Dated this  3rd  day of April, 2018, at Kansas City, Kansas.

                                       **s/ Carlos Murguia**
                                       **CARLOS MURGUIA**
                                       **United States District Judge**