IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

      **Plaintiff,**

v.                                                                                                        **Case No. 11-20031-JWL**

**Juan Manuel Cortez-Diaz,**

      **Defendant.**

## **MEMORANDUM & ORDER**

As described by the Tenth Circuit in connection with the direct appeal of this case, law enforcement arrested defendant Juan Manuel Cortez–Diaz with about two pounds of pure methamphetamine in his car and, soon after, seized about seven more pounds at his stash house. *United States v. Cortez-Diaz*, 565 Fed. Appx. 741, 742 (10th Cir. 2014). The evidence at trial showed that defendant ran a "multi-state methamphetamine distribution network" centered in Kansas City, Kansas, and based on this evidence the jury convicted him of various drug possession and distribution crimes. *Id*. Based on the weight and purity of the methamphetamine, along with leadership-role and drug-house enhancements, the advisory guideline sentence was life imprisonment. *Id*. In February 2013, the district judge assigned to this case at the time imposed a life sentence and the Circuit affirmed that decision. *Id*.

This matter is now before the court on defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (doc. 166) and his accompanying motion to appoint counsel for assistance with that motion (doc. 174). The Tenth Circuit has endorsed a three-step test for district courts to utilize in connection with motions filed under § 3582(c)(1)(A). *United States v.*

*McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021) (citing *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020)).  Under that test, a court may reduce a sentence if the defendant administratively exhausts his or her claim and three other requirements are met: (1) "extraordinary and compelling" reasons warrant a reduction; (2) the "reduction is consistent with applicable policy statements issued by the Sentencing Commission;" and (3) the reduction is consistent with any applicable factors set forth in 18 U.S.C. § 3553(a).  *Id.*[1]  A court may deny compassionate-release motions when any of the three prerequisites is lacking and need not address the others.  *Id*. at 1043.  But when a district court grants a motion for compassionate release, it must address all three steps.  *Id*.  As will be explained, defendant has not come forward with extraordinary and compelling reasons sufficient to warrant a reduction in his sentence.  The court, then, declines to address the other prerequisites.

In his motion, defendant contends that his "extraordinary" rehabilitation and changes made to the penalty structure established in 21 U.S.C. § 841 reducing the length of mandatory minimum sentences for certain drug crimes constitute extraordinary and compelling reasons sufficient to justify his release.  To begin, changes made to the penalty structure established in 21 U.S.C. § 841

---

[1] The government contends that the court should deny the motion for failure to exhaust administrative remedies because defendant's request to the warden of his facility was based solely on concerns related to COVID-19 whereas his motion before the court seeks release based solely on his rehabilitative efforts and changes to certain sentencing laws.  Because the Circuit has held, albeit in an unpublished opinion, that administrative exhaustion is not jurisdictional, the court proceeds to the merits of the motion.  *United States v. Watson*, 851 Fed. Appx. 136, 137 n.1 (10th Cir. 2021) ("This court has not issued a binding decision on whether exhaustion under § 3582(c)(1)(A) is a jurisdictional requirement, but unpublished decisions indicate that exhaustion is a mandatory claim-processing rule.") (citations omitted); *United States v. Rodriguez,* 2021 WL 2653245, at *2 (E.D.N.C. June 28, 2021) (assuming that defendant exhausted administrative remedies and proceeding to merits).

would not affect defendant's sentence because the advisory Guidelines sentence of life imprisonment—which was imposed—was substantially higher than the mandatory minimum sentence.  In other words, the sentencing court did not rely on a mandatory minimum sentence in calculating defendant's sentence and, accordingly, there is simply no sentence disparity despite the change in the law concerning mandatory minimums.  Because defendant has not shown that he received a harsher sentence than he would receive if he were sentenced today, he has not shown an extraordinary and compelling reason for release.

That leaves only defendant's claim concerning his "extraordinary" rehabilitation.  In support of this argument, defendant asserts that he obtained his GED in August 2015; that he has completed several additional educational courses; and that he is employed by UNICOR as a mechanic.  But the Tenth Circuit has repeatedly recognized that rehabilitation alone cannot constitute an extraordinary and compelling reason warranting release. *See United States v. Mata-Soto*, 2021 WL 3520599, at *3 (10th Cir. Aug. 11, 2021) (citing 28 U.S.C. § 994(t) ("Rehabilitation . . . alone shall not be considered an extraordinary and compelling reason."); *United States v. McGee*, 992 F.3d 1035, 1043 (10th Cir. 2021) (same); *United States v. Saldana*, 807 Fed. Appx. 816, 820 (10th Mar. 26. 2020) (same).[2]

The court turns, then, to defendant's motion for appointment of counsel, which the court denies.  There is no constitutional right to counsel beyond the direct appeal of a conviction. *Swazo*

---

[2] Inexplicably, the government devotes the bulk of its brief to addressing the BOP's response to COVID-19 and defendant's health.  Nowhere in his motion does defendant mention COVID-19 or his health.  The court appreciates that the government has responded to hundreds of compassionate release motions and for efficiency purposes is cutting and pasting its arguments from one response to another.  But the desire for efficiency does not excuse the government's failure to analyze on an individual basis the particularized issues raised by a given defendant.

3

*v. Wyo. Dep't of Corrs.*, 23 F.3d 332, 333 (10th Cir. 1994); *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). When exercising its "broad discretion" to decide whether to appoint counsel to an indigent litigant, the district court "should consider a variety of factors, including the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991) (considering appointment of counsel for indigents under 28 U.S.C. § 1915). None of these factors weigh in favor of appointing counsel to defendant. As described above, the substantive merits of defendant's motion for compassionate release do not warrant appointing counsel at this time. Moreover, defendant's pro se motion for compassionate release reflects that he is able to articulate his arguments clearly and coherently and that the factual and legal issues implicated by the motions are straightforward. Finally, this District has implemented Administrative Order 20-8, which requires the Federal Public Defender to notify the court within fifteen days of any pro se individual filing a compassionate release motion whether it intends to enter an appearance on behalf of the defendant, or whether it seeks additional time to make such determination. This ensures that every pro se motion for compassionate release is at least reviewed by that office. On August 16, 2021, the Federal Public Defender notified the court that it had reviewed defendant's pro se motion for compassionate release and that it did not intend to enter an appearance on his behalf.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion for compassionate release (doc. 166) and his motion for appointment of counsel (doc. 174) are denied.

**IT IS SO ORDERED.**

Dated this 23rd day of August, 2021, at Kansas City, Kansas.

*s/ John W. Lungstrum*
John W. Lungstrum
United States District Judge