IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

      **Plaintiff,**

v.                                                          Case No. 11-20031-JWL

**Juan Manuel Cortez-Diaz,**

      **Defendant.**

## MEMORANDUM & ORDER

A jury convicted defendant of several drug offenses stemming from his role in an interstate methamphetamine operation. Based on the weight and purity of the methamphetamine, along with leadership-role and drug-house enhancements, defendant's advisory guideline sentence was life imprisonment. *Id*. In February 2013, the district judge assigned to this case at the time imposed a life sentence and the Circuit affirmed that decision. *United States v. Cortez-Diaz*, 565 Fed. Appx. 741, 742 (10th Cir. 2014).

In August 2021, defendant filed a pro se motion for a reduced sentence under 18 U.S.C. § 582(c)(1)(A). In that motion, defendant urged that relief was warranted based on an intervening change in law regarding mandatory minimums; an alleged sentencing disparity created by the First Step Act; and his "postconviction rehabilitation" efforts. Finding that defendant had not shown extraordinary and compelling reasons to reduce his sentence, the court denied the motion. In May 2022, the Circuit affirmed that decision. *United States v. Cortez-Diaz*, 2022 WL 1666953, at *1 (10th Cir. May 25, 2022).

This matter is now before the court on defendant's second motion for compassionate release pursuant to 18 U.S.C. § 582(c)(1)(A) (doc. 194). This time, defendant asserts that a reduced sentence is warranted because he suffers from symptoms of long-haul COVID resulting from two prior infections. But defendant also reiterates his arguments that the First Step Act created a sentencing disparity that warrants a sentence reduction and that his postconviction rehabilitative efforts warrant a sentence reduction. And in his reply brief, defendant argues for the first time that his obesity coupled with the COVID pandemic warrants release and he challenges the sentencing judge's relevant conduct calculations. As will be explained, defendant's motion is denied.

Because the Tenth Circuit has already examined the sentencing disparity argument that defendant again pursues in this court, the court cannot consider the merits of that argument. *United States v. Trent*, 884 F.3d 985, 994-95 (10th Cir. 2018) (law of the case doctrine precludes court from considering arguments that were raised and adjudicated on appeal). While there are narrow exceptions to the law-of-the-case doctrine, none are present here. *See id*. (exceptions include when the evidence in a subsequent trial is substantially different; when controlling authority has subsequently made a contrary decision of the law applicable to such issues; or when the decision was clearly erroneous and would work a manifest injustice). That aspect of defendant's motion, then, is denied.

The court also denies the motion with respect to the arguments raised for the first time in defendant's reply brief. *See United States v. Minnie*, 971 F.3d 1145, 1158 n.19 (10th Cir. 2018) (party waives arguments raised for the first time in reply brief).

That leaves defendant's arguments about long-haul COVID and his rehabilitation.[1]  The Tenth Circuit has endorsed a three-step test for district courts to utilize in connection with motions filed under § 3582(c)(1)(A).  *United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021) (citing *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020)).  Under that test, a court may reduce a sentence if the defendant administratively exhausts his or her claim and three other requirements are met: (1) "extraordinary and compelling" reasons warrant a reduction; (2) the "reduction is consistent with applicable policy statements issued by the Sentencing Commission;" and (3) the reduction is consistent with any applicable factors set forth in 18 U.S.C. § 3553(a).  *Id*.[2]  A court may deny compassionate-release motions when any of the three prerequisites is lacking and need not address the others.  *Id*. at 1043.  But when a district court grants a motion for compassionate release, it must address all three steps.  *Id*.  As will be explained, defendant has not come forward with extraordinary and compelling reasons sufficient to warrant a reduction in his sentence.  The court, then, declines to address the other prerequisites.

In his motion, defendant asserts that he was infected with COVID-19 in late July 2020 and again in December 2021.[3]  He asserts that he is still experiencing symptoms, including brain fog, headaches, sudden breathlessness, fatigue, heart complications, gastrointestinal discomfort, and severe depression.  He further contends that his symptoms place him at a high risk for severe illness if he contracts COVID-19 a third time.  He relies heavily on the district court's opinion in

---

[1] Although the Circuit held that defendant's rehabilitation, without more, did not support § 3582(c)(1)(A) relief, the court may revisit that issue to the extent defendant is able to show something in addition to his rehabilitative efforts.
[2] The government does not dispute that defendant has satisfied the exhaustion requirement.
[3] The records submitted by the government reflect that defendant's second COVID infection was actually in January 2022.

3

*United States v. Martinez*, 2022 WL 126306 (S.D. Cal. Jan. 13, 2022), where a defendant who suffered from long-haul COVID was granted compassionate release. That case, however, is distinguishable in several key respects. The defendant in *Martinez* had served 89 percent of his 104-month sentence and was scheduled for release in a matter of months; he had attempted suicide while incarcerated; and the government was unable to produce medical records for most of the time defendant had been incarcerated. *Id*. at *3-5. Here, defendant has a life sentence; has no documented mental health issues; and the government has submitted medical records from August 2021 through August 2022. Those records do not reflect any symptoms that defendant describes in his submissions and do not reflect any ongoing issues from his prior COVID infections. In fact, those records reflect that during the entirety of the time that he was in isolation for his January 2022 COVID infection, he denied any cough, shortness of breath, muscle pain, fatigue, headache or gastrointestinal issues. Additional records from August 2020 reflect that defendant was asymptomatic during his first COVID infection. There is nothing in these medical records that suggests that defendant presently suffers from anything that might be linked to his prior COVID infections. In the absence of such evidence, and in the face of evidence demonstrating that defendant does not have the symptoms he asserts, defendant has not established extraordinary and compelling reasons for a reduced sentence based on long-haul COVID.

Because the court has rejected defendant's argument that his symptoms of long-haul COVID constitute an extraordinary and compelling reason for a reduced sentence, defendant is left only with his argument about his rehabilitation. It is beyond dispute, however, that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason" for a sentence reduction. 28 U.S.C. § 994(t); *see also McGee*, 992 F.3d at 1043; *accord*

*United States v. Cortez-Diaz*, 2022 WL 1666953, at *2 (10th Cir. May 25, 2022) ("Cortez-Diaz's rehabilitation, without more, does not support § 3582(c)(1)(A) relief). Defendant's motion, then, is denied.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's second motion for compassionate release (doc. 194) is denied.

**IT IS SO ORDERED.**

Dated this 14th day of October, 2022, at Kansas City, Kansas.

                                             s/ John W. Lungstrum
                                             John W. Lungstrum
                                             United States District Judge