IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

      **Plaintiff,**

v.                                                   Case No. 11-20031-01-JWL

**Juan Manuel Cortez-Diaz,**

      **Defendant.**

## MEMORANDUM & ORDER

A jury convicted defendant of several drug offenses stemming from his role in an interstate methamphetamine operation. Based on the weight and purity of the methamphetamine, along with leadership-role and drug-house enhancements, defendant's advisory guideline sentence was life imprisonment. In February 2013, the district judge assigned to this case at the time imposed a life sentence and the Circuit affirmed that decision. *United States v. Cortez-Diaz*, 565 Fed. Appx. 741, 742 (10th Cir. 2014).

In June 2021, defendant filed a pro se motion for a reduced sentence under 18 U.S.C. § 3582(c)(1)(A). In that motion, defendant urged that relief was warranted based on an intervening change in law regarding mandatory minimums; an alleged sentencing disparity created by the First Step Act; and his "postconviction rehabilitation" efforts. Finding that defendant had not shown extraordinary and compelling reasons to reduce his sentence, the court denied the motion. In May 2022, the Circuit affirmed that decision. *United States v. Cortez-Diaz*, 2022 WL 1666953, at *1 (10th Cir. May 25, 2022).

In August 2022, defendant filed his second motion for a reduced sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). In that motion, defendant asserted that a reduced sentence was warranted because he suffers from symptoms of long-haul COVID and he reiterated his arguments that the First Step Act creates a sentencing disparity that warrants a sentence reduction and that his postconviction rehabilitative efforts warrant a sentence reduction. The court denied the motion, concluding that it could not reach the merits of the sentencing disparity argument based on the law-of-the-case doctrine; that defendant had not shown that he suffered from any symptoms or health-related issues stemming from his two prior COVID infections; and that rehabilitation, standing alone, could not support a sentence reduction.

This case is now before the court on defendant's third motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) (doc. 204). This time, defendant contends that his sentence is "unusually long" as a result of the "harsh" methamphetamine guidelines that applied in this case, that his health conditions continue to place him at higher risk for experiencing severe consequences if he contracts COVID again and/or for experiencing re-infection if he is exposed to COVID yet again; and that the conditions of his confinement during the COVID-19 pandemic have resulted in a sentence that is more severe than the court could have contemplated at the time of sentencing. As will be explained, the motion is denied.

The Tenth Circuit has endorsed a three-step test for district courts to utilize in connection with motions filed under § 3582(c)(1)(A). *United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021) (citing *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020)). Under that test, a court may reduce a sentence if the defendant administratively exhausts his or her claim and three other requirements are met: (1) "extraordinary and compelling" reasons warrant a reduction; (2)

the "reduction is consistent with applicable policy statements issued by the Sentencing Commission;" and (3) the reduction is consistent with any applicable factors set forth in 18 U.S.C. § 3553(a). *Id.*[1] A court may deny compassionate-release motions when any of the three prerequisites is lacking and need not address the others. *Id.* at 1043. But when a district court grants a motion for compassionate release, it must address all three steps. *Id*. As will be explained, defendant has not come forward with extraordinary and compelling reasons sufficient to warrant a reduction in his sentence.

The Sentencing Commission's policy statement on compassionate release requires "extraordinary and compelling reasons" to warrant a sentence reduction and that the defendant not pose a danger to the public. U.S.S.G. § 1B1.13(a)–(b). As amended in November 2023, the policy statement expands the list of extraordinary and compelling reasons justifying compassionate release from federal detention. U.S.S.G. § 1B.13, amend. 814. Specifically, the policy statement identifies six categories of "extraordinary and compelling reasons" justifying compassionate release. The first four categories pertain to a defendant's: (1) medical circumstances; (2) advanced age and deteriorating health in combination with the amount of time served; (3) compelling family circumstances; and (4) victimization by correctional staff while in custody. U.S.S.G. § 1B1.13(b)(1)–(4), amend. 814. A fifth catch-all category exists for a "circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." U.S.S.G. § 1B1.13(b)(5). The sixth category arises if

---

[1] The government concedes that defendant has exhausted his administrative remedies.

3

the defendant has received an usually long sentence, served at least 10 years, and a change in law produces a gross disparity between the sentence being served and the sentences likely to be imposed at the time the motion was filed, after considering the individual circumstances of the defendant. U.S.S.G. § 1B1.13(b)(6).

Defendant first argues that the disparity in the Sentencing Guidelines between pure methamphetamine and mixtures thereof is overly harsh and that the importation enhancement is unduly harsh. He asks the court to analyze this aspect of his motion under U.S.S.G. § 1B1.13(b)(5) and (6)—the catch-all provision and the provision for extraordinary and compelling reasons based on an unusually long sentence where there has been a change in law. U.S.S.G. § 1B1.13(b)(6). The motion is denied. To be clear, defendant has not pointed to any change in the law and there has been none—defendant would be eligible for (and would likely receive) the same sentence today that he received at sentencing. Moreover, courts have rejected the argument that the methamphetamine-related sentencing guidelines present extraordinary and compelling circumstances sufficient for a sentence reduction. *See, e.g., United States v. Casares-Cuevas*, 2023 WL 7157860, at *3 (D. Nev. Oct. 31, 2023) (rejecting argument that defendant's higher base offense level for possessing methamphetamine actual versus methamphetamine mixture creates sentencing disparity; newly sentenced defendants convicted of the same crime would receive similar sentence); *United States .v Hanks*, 2023 WL 6133441, at *2-3 (S.D. Miss. Sept. 19, 2023) (sentencing is the more appropriate stage to consider policy disagreements with methamphetamine guidelines; asserted "unjust" distinction between pure methamphetamine and methamphetamine mixtures is not an appropriate basis for compassionate release); *United States v. Champion*, 2023 WL 5604175, at *4 (W.D.N.C. Aug. 29, 2023) (harsher treatment of higher

purity methamphetamine does not present extraordinary and compelling reason for reduction); *United States v. Hall*, 2023 WL 3366547, at *3 (W.D. La. May 10, 2023) (rejecting argument that "outdated" methamphetamine guidelines and resulting sentence presented extraordinary and compelling circumstances for release). Because defendant has not shown that the application of the methamphetamine guidelines is an extraordinary and compelling reason for a sentence reduction, this aspect of defendant's motion is denied.

The court turns, then, to defendant's COVID-related arguments. Defendant asserts that he is entitled to relief under U.S.S.G. § 1B1.13(b)(1)(D), which provides that an extraordinary and compelling reason may include that the defendant is housed at a correctional facility being affected by an ongoing outbreak of an infectious disease or public health emergency and that defendant is at increased risk of suffering severe medical complications due to exposure to the outbreak. But defendant has not shown that his facility is presently experiencing a COVID "outbreak"[2] or that he is at an increased risk of severe complications should an outbreak occur. Significantly, defendant has not shown that he has ever received a COVID-19 vaccine and the government's evidence suggests that he has refused all available vaccines against COVID-19, including as recently as March 2023. While he asserts that available vaccines are outdated and ineffective against newer variants of the virus, it is beyond dispute that current vaccines offer significant protection against severe illness, hospitalization and death from the virus. The record also reflects, as the court noted in its October 2022 memorandum and order, that defendant has been infected with COVID at least two times. The medical records submitted at that time did not

---

[2] The BOP's most recent COVID-19 data reflects that defendant's facility presently has zero open cases of COVID among the inmate population.

reflect any ongoing issues from those prior COVID infections and, in fact, reflected that defendant was largely asymptomatic during both infections. For these reasons, defendant has not established extraordinary and compelling reasons for a reduced sentence under § 1B1.13(b)(1)(D). *See United States v. McKinney*, 2023 WL 5608463, at *4 (10th Cir. Aug. 30, 2023) (district court appropriately found on the record before it that defendant's susceptibility to COVID-19 was not extraordinary and compelling where defendant had refused a vaccine, available vaccines still provided some protection against newer variants, and defendant had already survived two bouts of COVID-19); *see also United States v. Truttling*, 2024 WL 185879, at *3 (W.D. Va. Jan. 17, 2024) (rejecting § 1B1.13(b)(1)(D) argument where facility had only three open cases of COVID and the United States Department of Health and Human Services in May 2023 announced the end of the public health emergency caused by the COVID-19 pandemic).

The court also rejects defendant's argument that a sentence reduction is warranted because the COVID pandemic has made prison life harsher than contemplated at the time of defendant's sentencing. According to defendant, the pandemic has resulted in modified operations at his facility, including increased lockdowns and minimal programming. These conditions, however, do not establish an extraordinary and compelling reason for a reduction in sentence. Although the COVID-19 pandemic undoubtedly made prison conditions more difficult, the COVID-19 pandemic made conditions more difficult for everyone. And based on defendant's argument, everyone who was incarcerated during the height of the COVID-19 pandemic should receive a sentence reduction because they experienced different or difficult prison conditions. *See United States v. Hernandez*, 2024 WL 52287, at *3 (D. Kan. Jan. 4, 2024). Because defendant asserts only generalized harm applicable to every inmate, he has not shown an extraordinary and

6

compelling basis for a sentence reduction. *See Venters v. United States*, 2023 WL 6147604, at *2 (D. Utah Sept. 20, 2023) (harsh prison conditions faced by all inmates are not extraordinary within the meaning of the First Step Act).

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) (doc. 204) is denied.

**IT IS SO ORDERED.**

Dated this 23rd day of January, 2024, at Kansas City, Kansas.

    s/John W. Lungstrum
HON. JOHN W. LUNGSTRUM
United States District Judge