IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

      **Plaintiff,**

v.                                                          Case No. 11-20031-01-JWL

**Juan Manuel Cortez-Diaz,**

      **Defendant.**

## MEMORANDUM & ORDER

A jury convicted defendant of several drug offenses stemming from his role in an interstate methamphetamine operation. Based on the weight and purity of the methamphetamine, along with leadership-role and drug-house enhancements, defendant's advisory guideline sentence was life imprisonment. In February 2013, the district judge assigned to this case at the time imposed a life sentence and the Circuit affirmed that decision. *United States v. Cortez-Diaz*, 565 Fed. Appx. 741, 742 (10th Cir. 2014).

In June 2021, defendant filed a pro se motion for a reduced sentence under 18 U.S.C. § 3582(c)(1)(A). In that motion, defendant urged that relief was warranted based on an intervening change in law regarding mandatory minimums; an alleged sentencing disparity created by the First Step Act; and his postconviction rehabilitation efforts. Finding that defendant had not shown extraordinary and compelling reasons to reduce his sentence, the court denied the motion. In May 2022, the Circuit affirmed that decision. *United States v. Cortez-Diaz*, 2022 WL 1666953, at *1 (10th Cir. May 25, 2022).

In August 2022, defendant filed his second motion for a reduced sentence pursuant to 18 U.S.C. § 3582(c)(1)(A).  In that motion, defendant asserted that a reduced sentence was warranted because he suffers from symptoms of long-haul COVID and he reiterated his arguments that the First Step Act creates a sentencing disparity that warrants a sentence reduction and that his postconviction rehabilitative efforts warrant a sentence reduction. The court denied the motion, concluding that it could not reach the merits of the sentencing disparity argument based on the law-of-the-case doctrine; that defendant had not shown that he suffered from any symptoms or health-related issues stemming from his two prior COVID infections; and that rehabilitation, standing alone, could not support a sentence reduction.

In January 2024, this court denied defendant's third motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A).  In that motion, defendant argued that his sentence is "unusually long" as a result of the "harsh" methamphetamine guidelines that applied in this case, that his health conditions continued to place him at higher risk for experiencing severe consequences if he contracts COVID again and/or for experiencing re-infection if he is exposed to COVID again; and that the conditions of his confinement during the COVID-19 pandemic resulted in a sentence that is more severe than the court could have contemplated at the time of sentencing.  The court denied the motion.

This matter is now before the court on defendant's motion for relief from judgment or to amend the judgment (doc. 213) and to appoint counsel (doc. 214).  In his motion for relief from judgment, defendant expressly relies on Federal Rules of Civil Procedure 59(e) and 60(b). But Rule 60(b) is not applicable in criminal cases and does not provide an independent source of jurisdiction in a criminal case. *See United States v. Twitty*, 2020 WL 7689700, at *2 (10th Cir.

Dec. 28, 2020) (collecting cases). The court, then, lacks jurisdiction to grant any relief under Rule 60(b) and the motion is necessarily dismissed to the extent it is based on Rule 60(b). While courts have recognized motions to reconsider in the criminal context and have borrowed the standard from Rule 59(e), such motions must be brought within 28 days of the judgment. *See* Fed. R. Civ. P. 59(e). Here, defendant seeks relief from a judgment entered in February 2013, more than 10 years outside the 28-day limitation. The court, then, denies the motion to the extent it is based on Rule 59(e).

Moreover, the substance of defendant's motion simply reasserts grounds for relief from his conviction and sentence that he asserted (and the Circuit resolved) on direct appeal. *United States v. Cortez-Diaz*, 565 Fed. Appx. 741 (10th Cir. May 6, 2014) (affirming district court's relevant conduct calculations and application of aggravating role and drug-house enhancements). Because the Tenth Circuit has already examined and resolved the very arguments that defendant again pursues in this court, the court could not consider the merits of his arguments even if defendant had presented his arguments through a proper procedural vehicle. *See United States v. Trent*, 884 F.3d 985, 994-95 (10th Cir. 2018) (law of the case doctrine precludes court from considering arguments that were raised and adjudicated on appeal).[1]

At the end of defendant's motion, he asserts in summary fashion that he may be entitled to a sentence reduction under amendments to the sentencing guidelines effective November 1, 2024.

---

[1] While there are narrow exceptions to the law-of-the-case doctrine, none are present here. *See Trent,* 884 F.3d at 994-95 (exceptions include when the evidence in a subsequent trial is substantially different; when controlling authority has subsequently made a contrary decision of the law applicable to such issues; or when the decision was clearly erroneous and would work a manifest injustice).

3

Once those guidelines are in effect, defendant may file another motion aimed specifically at those amendments. That portion of the motion, then, is denied without prejudice to refiling on or after November 1, 2024.

Finally, the court denies defendant's motion to appoint counsel. There is no constitutional right to counsel beyond the direct appeal of a conviction. *Swazo v. Wyo. Dep't of Corrs.*, 23 F.3d 332, 333 (10th Cir. 1994); *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Defendant's pro se motion for relief reflects that he is able to articulate his arguments clearly and coherently and the issues implicated by his motion are straightforward. Having given defendant the benefit of all doubts with respect to his motion, the court is confident that the appointment of counsel would have no bearing on the outcome of that motion. The motion is denied, but the court will revisit this issue if defendant files a subsequent motion based on amendments to the Guidelines.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion for relief from judgment (doc. 213) is dismissed in part, denied in part, and denied without prejudice in part; his motion for appointment of counsel (doc. 214) is denied.

**IT IS SO ORDERED.**

Dated this 12th day of August, 2024, at Kansas City, Kansas.

                                                      s/John W. Lungstrum
                                          HON. JOHN W. LUNGSTRUM
                                          United States District Judge