IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

  **Plaintiff,**

v.                                                              Case No. 11-20031-01-JWL

**Juan Manuel Cortez-Diaz,**

  **Defendant.**

## MEMORANDUM & ORDER

  A jury convicted defendant of several drug offenses stemming from his role in an interstate methamphetamine operation. Based on the weight and purity of the methamphetamine, along with leadership-role and drug-house enhancements, defendant's advisory guideline sentence was life imprisonment. In February 2013, the district judge assigned to this case at the time imposed a life sentence and the Circuit affirmed that decision. *United States v. Cortez-Diaz*, 565 Fed. Appx. 741, 742 (10th Cir. 2014). This matter is presently before the court on defendant's pro se motion for a sentence reduction (doc. 224).

  In his motion, defendant sets forth three bases for relief. He first asserts that he is eligible for a sentence reduction under Amendment 826 to the United States Sentencing Guidelines, which modified U.S.S.G. § 1B1.3. He further asserts that a reduction is warranted because the jury did not render factual findings determining the drug quantities attributed to him. Finally, he contends that he is eligible for a reduction under Amendment 821 to the United States Sentencing Guidelines as a zero-point offender.

The court begins with defendant's arguments concerning Amendments 826 and 821, which are appropriately analyzed under 18 U.S.C. § 3582(c)(2). "A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *See United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997). Section 3582 allows for a possible sentence reduction for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *See* 18 U.S.C. § 3582(c)(2).

The relevant conduct rule of U.S.S.G. § 1B1.3 describes the conduct a sentencing court can consider in determining the guideline range applicable to a defendant. Amendment 826 added subsection (c), which provides that "[r]elevant conduct does not include conduct for which the defendant was criminally charged and acquitted in federal court unless such conduct also establishes, in whole or in part, the instant offense of conviction." Amendment 826, then, prohibits the consideration of acquitted conduct in determining the Guidelines range. The court is not authorized to grant a reduction under Amendment 826 in this case because Amendment 826 is not retroactive. In any event, defendant was not acquitted on any charge at trial and, accordingly, his sentencing did not involve acquitted conduct.

The court is also not authorized to grant a reduction under Amendment 821. Part B of Amendment 821, which became effective on November 1, 2023, and applies retroactively, amended Chapter Four of the Sentencing Guidelines to create Guideline § 4C1.1. That section authorizes a reduction of two offense levels for defendants with zero criminal history points and who satisfy certain other criteria. *See* U.S.S.G. § 4C1.1. Specifically, a defendant is eligible for a two-level reduction in his offense level if he or she meets all the following criteria:

 (1) the defendant did not receive any criminal history points from Chapter Four, Part A;

 (2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);

 (3) the defendant did not use violence or credible threats of violence in connection with the offense;

 (4) the offense did not result in death or serious bodily injury;

 (5) the instant offense of conviction is not a sex offense;

 (6) the defendant did not personally cause substantial financial hardship;

 (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

 (8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);

 (9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and

 (10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848.

U.S.S.G. § 4C1.1(a).

 Defendant suggests in his motion that he was assigned no criminal history points and that, accordingly, he is a zero-point offender entitled to a decrease in two offense levels. But defendant plainly fails to meet Amendment 821's eligibility requirements. While defendant is correct that he has no scoreable criminal history, he received a four-level enhancement for his role in the offense. *See* Doc. 96, PSR ¶ 31.[1] This enhancement renders him ineligible for relief under §

---

[1] Defendant's counsel objected to the role enhancement, but the district judge assigned to this case at the time overruled the objection at sentencing.

4C1.1(a)(10). Thus, because the reduction is not authorized, the court lacks jurisdiction to reduce defendant's sentence under Amendment 821.

Finally, defendant suggests that he is entitled to a reduction because the jury was required to make findings about the drug quantities attributable to him. Defendant cites to *Erlinger v. United States*, 602 U.S. 821, 834 (2024) to support his argument that "any fact that increases the prescribed range of penalties to which a criminal defendant is exposed must be resolved by a unanimous jury beyond a reasonable doubt." The Tenth Circuit has repeatedly held that these types of claims are unavailable under § 3582(c)(2) because "they are collateral attacks on [the] conviction and sentence." *United States v. Serrato*, 646 Fed. Appx. 680, 685 (10th Cir. 2016); *see also United States v. Clayton*, 92 Fed. Appx. 703, 706 (10th Cir. 2004) (noting *Apprendi*/*Alleyne* challenges must be raised in a 28 U.S.C. § 2255 habeas proceeding rather than a motion to reduce sentence). The court, then, lacks jurisdiction to resolve this argument. The court notes, however, that the principle espoused by defendant does not apply to this case because the drug quantity attributable to defendant affected only his advisory sentencing range, not his statutory maximum sentence.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion for a sentence reduction (doc. 224) is **dismissed.**

**IT IS SO ORDERED.**

Dated this 28th day of January, 2025, at Kansas City, Kansas.

4

                         s/John W. Lungstrum
HON. JOHN W. LUNGSTRUM
United States District Judge

5